UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DAVID LEE JONES, III,

          Petitioner,

v.                                 Criminal No.: 2:12cr127
                                 Civil No.: 2:13cv588

UNITED STATES OF AMERICA,

## MEMORANDUM ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence, filed by David Lee Jones, III ("Petitioner"), pursuant to 28 U.S.C. § 2255. Petitioner's motion advances a single claim, arguing that his sentence was improperly enhanced based on his prior criminal convictions. Pursuant to the Rules Governing § 2255 Proceedings in U.S. District Courts, this Court finds that a government response to the instant motion is unnecessary because it "plainly appears from the motion . . . and the record of prior proceedings that [Petitioner] is not entitled to relief." R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b). For the reasons discussed below, Petitioner's § 2255 motion is **DISMISSED and DENIED**.

A.

On November 27, 2012, Petitioner entered a plea of guilty to Count One of the criminal indictment in this case, charging

him with Conspiracy to Distribute and Possess with Intent to Distribute Methylone, in violation of Title 21, United States Code, Sections 846 and 841(a)(1), (b)(1)(C). ECF No. 42. As explained at Petitioner's plea colloquy hearing, the maximum punishment for such crime is twenty years imprisonment; no mandatory minimum term of imprisonment applies. Petitioner's statutory punishment was <u>not</u> enhanced through the procedure outlined in 21 U.S.C. § 851, which requires the government to file an "information" certifying a prior conviction.

On March 13, 2013, Petitioner appeared before the Court, with counsel, for sentencing. Petitioner's Criminal History under the Guidelines was calculated to be a "Category III" based on the attribution of four criminal history points. Specifically, one point was imposed for a 2008 conviction for possession of marijuana, one point was imposed for a 2010 conviction for possession of marijuana, and two points were imposed because Petitioner committed the instant offense while under several different terms of good behavior imposed by state courts. After departing, or alternatively varying, down from the advisory Guideline range based on the potency of the Methylone at issue, the Court imposed a sentence of one hundred seventy five (175) months imprisonment. Petitioner did not appeal his sentence, but he did timely file his § 2255 motion within one-year of his conviction and sentence becoming final.

2

## B.

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner bears the burden of proving that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id. A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion." Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that collaterally attacks a sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000) ("'[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" (quoting

Davis v. United States, 417 U.S. 333, 343 (1974))). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). To the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1981).

The "higher hurdle" that applies to claims advanced for the first time in a § 2255 action exists because, once a defendant's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that were not raised on direct appeal unless a petitioner can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1992). "'The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.'" United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting

4

Mikalajunas, 186 F.3d at 493). As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, he must show that errors "worked to his actual and substantial disadvantage, infecting his entire [case] with error of constitutional dimensions." Frady, 456 U.S. at 170. Alternatively, a petitioner may overcome the procedural default bar in limited circumstances by demonstrating that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack," such as where a petitioner can demonstrate actual innocence. Mikalajunas, 186 F.3d at 494.

### C.

Here, Petitioner asserts for the first time in his § 2255 motion that his criminal history was miscalculated at sentencing, arguing that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) and Miller v. United States, 735 F.3d 141, 145 (4th Cir. 2013), as well as § 4A1.2 of the Sentencing Guidelines, demonstrate that "an individual is no longer considered to have a state conviction that qualifies as a predicate for federal sentencing enhancements unless he could actually have received a sentence of more than one year." Pet'r's § 2255 motion ¶ 12(a), ECF No. 83. However, Petitioner's motion does not demonstrate "cause" for failing to previously raise this issue, nor does he demonstrate actual

5

prejudice because, as discussed in greater detail below, had such objection been timely raised at sentencing or on appeal, it would have been denied. Additionally, Petitioner fails to demonstrate that a "miscarriage of justice" would occur based on the dismissal of his motion on procedural grounds. Accordingly, as Petitioner failed to raise this issue at sentencing, or on appeal, and has failed to advance a valid justification excusing his procedural default, his § 2255 motion is **DISMISSED**.

Alternatively, even if the Court reached the merits of Petitioner's motion, it would be summarily denied. First, both <u>Simmons</u> and <u>Miller</u> involved questions regarding whether the defendant's prior state conviction was properly classified as a "felony" in the subsequent federal criminal case. In <u>Simmons</u>, the classification of the prior state conviction as a felony was integral to the government's 21 U.S.C. § 851 "information" certifying such prior conviction, which resulted in an increased statutory punishment. <u>Simmons</u>, 649 F.3d at 239. In <u>Miller</u>, the classification of the prior state conviction as a felony was integral to the defendant's guilt in federal court because he was charged with unlawful possession of a firearm after being convicted of a felony. <u>Miller</u>, 735 F.3d at 144-45. In stark contrast, here, Petitioner's statutory punishment was not enhanced based on a prior felony conviction, nor was his federal conviction in any way dependent on a prior state-court

6

conviction being classified as a felony.[1] Accordingly, neither Miller nor Simmons provides support for Petitioner's claim for relief.

Moreover, to the extent Petitioner argues that, at sentencing, he was improperly attributed with one criminal history point for each of his two prior state-court convictions for possessing marijuana, such argument clearly fails. Guideline § 4A1.2 expressly permits the attribution of criminal history points for not only felonies, but also misdemeanor offenses, including those offenses for which no active jail time was served. U.S.S.G. § 4A1.2(a)(3), (c). Notably, the Guidelines indicate that sentences for misdemeanors and petty offenses are counted for criminal history purposes except as expressly excluded in the Guidelines. U.S.S.G. § 4A1.2(c). The Guidelines provide one list of misdemeanor and petty offenses that are never counted (such as loitering, public intoxication, and speeding) and a second list of offenses that are counted only if the sentence imposed is at least thirty days imprisonment or more than one year of probation (such as trespassing, disorderly conduct, and driving without a license). Because "possession of marijuana," or the possession of any other controlled substances, is not found on either list, the

---

[1] As discussed below, it appears that both of Petitioner's prior Virginia marijuana convictions were misdemeanors, and were properly treated as such at sentencing.

7

Guidelines required the attribution of one criminal history point for each of Petitioner's prior marijuana convictions, both of which appear to be misdemeanors under Virginia law. See Va. Code § 18.2-250.1 (indicating that a first offense for possession of marijuana is "a misdemeanor," and a second or subsequent offense is "a Class 1 misdemeanor"). As a result, Petitioner's claim that his sentence was improperly enhanced due to a miscategorized prior felony conviction is factually incorrect, and thus, is clearly without merit. Accordingly, Petitioner's § 2255 motion is alternatively **DENIED** on the merits.

### D.

As discussed above, Petitioner's § 2255 motion is **DISMISSED** because he fails to overcome his procedural default, and is alternatively **DENIED** because his sole claim for relief fails on the merits.

Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); 28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Petitioner, Petitioner's former counsel, and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 29, 2014